IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MOHAMMAD KHOSHNEVISZADEH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 04-0221-CV-W-HFS |
| GENERAL ELECTRIC COMPANY, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM TO COUNSEL**

To clarify and focus further consideration of pending motions I note the following: At oral argument of pending motions. I indicated that the <u>Daubert</u> motion might be dealt with rather summarily and that more serious consideration would be given to the summary judgment motion. The most compelling basis for judicial action can always be used as the main rationale for decision. In particular, briefing and argument have identified at least three contentions why the claim might not be submissible, all dependent on rejecting as unsupportable particular conclusions of plaintiff's expert witness, Carl Martin.

The following contentions have caught my attention: (1) any Martin conclusion of faulty design or manufacturing may be unsupported by any specific facts or theory and may not be admissible, thus leaving, at best, a res ipsa loquitor evaluation for the jury (if legally permissible); (2) the Martin conclusion of arcing in wiring starting a fire on top of the dryer lacks a factual foundation in the absence of a scientifically plausible theory of some method of fueling a path of fire from the wires to materials piled on top of the dryer; and (3) the Martin theory that lack of scorching within the drum disproves a path of fire from the contents of the drum to the wiring lacks a factual

foundation where the contents unquestionably did burn without scorching the porcelain interior of the drum and there is no proof that the scorching necessarily occurs during a fire.

Plaintiff's counsel claimed surprise and justifiable lack of preparation, apparently because he thought argument would be limited to a broad-based, general evaluation of Martin's qualifications and preparation – not the vulnerability of particular conclusions.

While all three issues had appeared to me to be available for summary judgment, from defendant's briefing (in particular its reply briefs) and anticipated argument, and from my preliminary discussions with the lawyers (where plaintiff's counsel asked for no delay), I did suggest and agree to further briefing.

After argument, examination of the opinion by Judge Robinson, which plaintiff cited as supporting Martin as an expert witness, discloses that Judge Robinson did rule at least one issue in a procedural manner similar to what I am considering. She ruled that at trial Martin "may not go so far as to theorize that the fan overheating and resulting short-circuit was the result of a manufacturing or installation defect." Workman v. AB Electrolux Corp., 2005 WL 1896246 (page 9) (D. Kan. Aug. 8, 2005). Her analysis resembled the consideration I would give to the first point mentioned above, and indicates that in some instances Daubert analysis may not differ much from standard summary judgment analysis.

I hope the above remarks may be helpful to further briefings. Counsel should agree on a further briefing schedule allowing an early ruling.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

August 26, 2005

Kansas City, Missouri