IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MOHAMMAD KHOSHNEVISZADEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-0221-CV-W-HFS |
| | ) | |
| GENERAL ELECTRIC COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff is technically correct that defendant presents a motion to disqualify his expert and for summary judgment simply because there will be no expert testimony to support the claim. I had hoped to deal with the issues more comprehensively, to avoid making major litigation out of what seems like a fairly routine case. After initial briefing, argument, and further briefing I conclude, however, that I cannot soundly dispose of the case very easily.

Without elaboration I conclude that Judge Robinson is correct and that Martin, the expert witness, should not be summarily rejected because in some respects his pre-trial preparation is arguably deficient. It may be that, on a renewed motion for summary judgement or after a trial I would rule that there are specific vulnerable areas in Martin's preparation and conclusions that should not be submitted to a jury. We are not there yet.

Going for plaintiff we have the fact that short-circuiting apparently occurred in the wiring, that there are solid contentions that the wiring failure more likely occurred for reasons other than being burned in the fire, and that there is no compelling proof of a cause of the fire apart from the wiring problem. Connecting the wiring problem to (1) some fault in manufacture, installation or

design and (2) fueling a line of fire or transmitting sufficient heat to inflame products on top of the clothes dryer, over the considerable distance to the top of the dryer may, however, present one or two insuperable issues for plaintiff.[1]  The material before me so far is rather thin, and does not demonstrate a fatal deficiency in the claim.  Moreover, to repeat, defendant did not file its motions with either of those points as grounds for granting summary judgment.

While the past and future proceedings here have been and promise to be regrettably tedious, I conclude that I should and hereby do DENY the pending motions.[2]

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

November 8, 2005

Kansas City, Missouri

---

[1] I remain unclear whether a wire insulation failure in long-used vibrating machinery can be characterized, without more, as a culpable defect.  If this happened I suppose a jury would blame defendant, if allowed to do so.

[2] The parties are reminded that cases like this can sometimes be settled.